## Bennett, Appellant, *v.* New York Life Ins. Co.

*Insurance—Life insurance—Assignment—Fraud.*

Where a policy of life insurance payable to the insured's executor, administrator or assigns, was assigned by the insured to his adopted daughter, and the proceeds thereof paid to the daughter after the death of the insured, the executor of the insured cannot successfully maintain an action against the insurance company to recover the amount of the policy on the ground that the insured was insolvent at the date of the assignment, where there is no evidence whatever that the insurance company had any knowledge of the alleged insolvency, or of any fraud in the assignment.

Argued Nov. 18, 1914. Appeal, No. 84, Oct. T., 1914, by plaintiff, from judgment of C. P. Bradford Co., Feb. T., 1911, No. 173, on verdict for defendant in case of Norval C. Bennett, Executor of James Bennett, deceased, v. New York Life Insurance Company, Etc. Before RICE, P. J., ORLADY, HEAD, KEPHART and TREXLER, JJ. Affirmed.

Assumpsit to recover the proceeds of a policy of life insurance. Before WHITEHEAD, P. J.

At the trial the jury returned a verdict for defendant.

On a motion for a new trial WHITEHEAD, P. J., filed the following opinion:

On September 23, 1895, the defendant company issued to James Bennett a contract of insurance (commonly known as a life insurance policy) under which contract

the said defendant agreed to pay to Josephine H. Bennett, wife of the insured, upon the death of her said husband, the sum of one thousand dollars, or in the event of the death of the said beneficiary before that of the insured, then and in that case to pay said sum to the insured's executor, administrator or assign.

The beneficiary named in said contract died on June 26, 1908.

On August 7, 1908, the defendant company loaned to James Bennett, the insured, upon said contract, the sum of $449.00.

On June 18, 1910, the insured, for value received, assigned to Mabel B. Marsh, his adopted daughter, the said contract.

James Bennett, the insured, died on July 3, 1910.

On July 30, 1910, the assignee of said policy, Mabel B. Marsh, filed with defendant company proofs of the death of the insured.

On August 16, 1910, Norval C. Bennett, executor of James Bennett, filed certain proof with the defendant company.

On November 7, 1910, the defendant company paid to Mabel B. Marsh, the assignee of said contract $553.34, that being the balance in full due on said policy.

Upon the trial of this case the plaintiff confined himself entirely to an effort to show that James Bennett, the insured, was insolvent at the time of making the assignment to his adopted daughter, Mabel B. Marsh. Not a word of testimony was offered to show that the defendant company had any knowledge of this alleged insolvency or of any fraud in the assignment.

In the admission of testimony the court was very liberal to the plaintiff and yet not a scintilla of evidence was offered to show that the defendant or any of its agents had any notice, or any reason to believe that the assignment which was properly made out and perfectly clear upon its face, was fraudulently obtained from the insured.

In Northwestern M. L. Ins. Co. v. Roth, 118 Pa. on page 343 the court say:

"As already observed, the assignment and receipt, endorsed on the policy given in evidence by plaintiff below, the genuineness of which is not questioned, were evidence of payment in full by the company to the proper party. The burden was on plaintiff to rebut the prima facie defense thus presented, by proving not only that the assignment was fraudulently procured from the assured, and therefore his personal representative was entitled to demand the insurance money, but also that the company, before paying the money on the faith of the assignment, had notice of that fact. It may be conceded the jury would have been warranted in finding the alleged fraud, but we fail to discover any evidence to justify a finding that the company had any notice or knowledge of such facts as should have put it on inquiry."

In the case at bar the question of fraud was submitted to the jury, and from their findings the jury determined that there was no fraud in the transaction.

See also Home M. Life Assn. v. Seager, Executrix, 128 Pa. 533, in which the court say on page 544:

"The prima facies of the title of Ness was not attacked on the trial, and payment to her will protect the company until her apparent title is defeated or shown to be bad by competent evidence, and the burden of making the showing is on him who asserts the existence of a defect in the title of his adversary which does not appear upon its face."

See also Vanderslice v. Insurance Co., 13 Supreme Ct. page 455, in which the court on page 460 say:

"The defendant company paid the money to Pierson upon the faith of the assignments, and the plaintiff now seeks to recover it over again, upon the ground that the act of Pierson in transferring the policies to himself was fraudulent. When the plaintiff, at the trial, offered these policies, with their assignments, in evidence, they constituted evidence of payment in full by the company to

608 BENNETT, Appellant, *v.* NEW YORK LIFE INS. CO.

Opinion of Court below—Opinion of the Court. [60 Pa. Superior Ct.

the proper party. The burden was upon the plaintiff to rebut the prima facie defense thus presented by proving not only that the assignments were fraudulently procured, but that the company, before paying the money on the faith of the assignments, had notice of that fact."

In the case at bar there is no evidence, and no offer of evidence whatever that the company had notice of any facts which could have given rise even to suspicion of fraud or insolvency.

If the court erred in the trial of this case it was in not affirming the point submitted by the defendant.

And now, March 17, 1914, rule for new trial discharged and judgment directed to be entered on the verdict on payment of the jury fee.

*Errors assigned* were various instructions.

*J. Roy Lilley,* with him *Wm. P. Wilson* and *Mial E. Lilley,* for appellant.

*Rodney A. Mercur,* for appellee.

OPINION BY ORLADY, J., October 11, 1914:

This case was tried in the court below by zealous counsel, and each presented every material question in its most favorable aspect. The issue was narrowed to disputed facts which were fairly and adequately submitted to a jury; the trial resulting in a verdict for the defendant.

A motion, with reasons, for a new trial was filed, together with a motion for judgment non obstante veredicto, for the plaintiff; after full hearing, the court discharged the rule for a new trial and directed a judgment to be entered on the verdict, which disposed of the motion for judgment non obstante veredicto.

The controlling questions presented by the assignments of error have been fully answered in the opinion filed by

Judge WHITEHEAD, who presided at the trial, and we agree to the legal conclusions reached by him.

The judgment is affirmed.